COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Kelsey, Beales and Senior Judge Clements


SHAWN PARKER

v.      Record No. 0609-12-1

VIRGINIA BEACH DEPARTMENT
 OF HUMAN SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 6, 2012

SHAWN PARKER

v.      Record No. 0610-12-1

VIRGINIA BEACH DEPARTMENT
 OF HUMAN SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Patricia L. West, Judge

(Jeffrey F. Riddle; Cowardin & Kim, PLC, on briefs), for appellant.

(Mark D. Stiles; Christopher Boynton; Rachel Allen; Office of the
City Attorney, on brief), for appellee.

(Margaret V. Weaver; Thomas & Associates, P.C., on brief),
Guardian *ad litem* for the minor children.


Shawn Parker (father) appeals an order terminating his parental rights to his children.  Father

argues that the trial court erred by terminating his parental rights because the Virginia Beach

Department of Human Services (the Department) did not meet its burden under Code § 16.1-283(C)

and Code § 16.1-283(C)(2) and failed to prove by clear and convincing evidence all the statutory

factors required for the termination of his parental rights.[1]  Upon reviewing the record and briefs of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Father withdrew two other assignments of error previously designated.  Therefore, this
Court will not consider them.

the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

Father had two children with Jessica Young (mother). In September 2009, the children were living with mother in a garage on the maternal grandmother's property. The Department received a referral alleging physical neglect and inadequate supervision. For several months, the Department attempted to contact father. Father informed the Department that he had concerns about the children living with mother, but he was unable to care for them. The Department also learned that there was a protective order in effect which required no contact between father and mother, except for visitation exchanges. Father admitted that he and mother were not complying with the protective order.

In June 2010, the Department received a second report of abuse or neglect and inadequate supervision. The Department investigated the situation and removed the children from mother's care. The Department tried to reach father by telephone, but was unsuccessful. The children were placed in foster care. Father eventually contacted the Department and told them that he could not take the children.

The Department established several requirements for father to obtain custody. Father needed to complete a substance abuse evaluation, a parental capacity evaluation, the Clean and Healthy Home workshop, a budgeting workshop, and a child safety workshop. He also was required to attend visitation regularly, maintain employment, and maintain appropriate housing.

In August 2011, the Department filed petitions for termination of parental rights, and in September 2011, the juvenile and domestic relations district court (the JDR court) terminated father's parental rights. Father appealed to the circuit court.

At the time of the trial in December 2011, father completed the Clean and Healthy Home workshop and maintained employment. He attended the majority of the visitations, but was late on several occasions. Father did not interact with the children enough for the visitation monitor to assess his parenting skills. He also continued to have contact with mother, and domestic violence persisted between them. In addition, father did not maintain adequate housing and never indicated that he intended to obtain custody of the children. He wanted his mother or the children's mother to have custody.

After a two-day hearing in December 2011, the trial court terminated father's parental rights and entered final orders on March 5, 2012. These appeals followed.

ANALYSIS

Father argues that the evidence was insufficient to terminate his parental rights and contends the Department did not comply with Code § 16.1-283.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

The Department sought termination under Code § 16.1-283(C)(2). At the conclusion of the trial, the trial court initially referred to Code § 16.1-283(C)(1) as the code section under which the Department sought termination. The trial court applied Code § 16.1-283(C)(1) to its

ruling. The trial court noted that father had approximately eighteen months to complete the Department's requirements and present himself as an option for custody, but he did not do so. After the trial court issued its ruling, the Department clarified for the record that it was proceeding under Code § 16.1-283(C)(2), not Code § 16.1-283(C)(1). The trial court read Code § 16.1-283(C)(2) to father and then explained, "It is also appropriate to terminate under (C)(2), and the evidence is sufficient for that; and obviously it's also in the girls' best interest."

Code § 16.1-283(C)(2) provides that a court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

The trial court discussed at length how father did not remedy his situation while the children were in foster care. He did not attend the requisite classes, nor did he obtain suitable housing. Although father visited with the children while they were in foster care, he was late on several occasions and missed five out of twenty-one sessions. His interactions with the children were limited, and the visitation monitor could not assess his parenting skills. Furthermore, father did not participate in any parenting classes. The trial court's explanation for termination under Code § 16.1-283(C)(2) was sufficient.

When the children entered foster care, they were not potty trained and had no structure. They had difficulty sleeping and had limited verbal skills. Once they were placed in a foster home, the children progressed. They had access to speech therapy, which improved their language skills. They were less aggressive and became involved in extracurricular activities. The trial court did not err in finding that termination was in the children's best interests.

- 4 -

Father also argues that the trial court erred by not stating in its order that he failed to remedy the situation which led to the children being in foster care. However, as stated above, the trial court explained in its ruling that father failed to meet the Department's requirements during the eighteen months that the children were in foster care. Furthermore, the order states that the Department sought termination under Code § 16.1-283(C)(2) and that the children had been in the Department's custody since June 18, 2010.[2] Father asserted that the Department placed too much emphasis on his criminal history and that father could not "remedy" his criminal past. However, when issuing its ruling, the trial court focused on father's lack of adequate housing and his lack of compliance with the Department's requirements, not father's criminal history. The trial court stated, "You didn't do anything. You didn't do what they wanted you to do, and you didn't do what you thought you might need to do."

Contrary to father's argument, the trial court did not abuse its discretion in holding that termination of father's parental rights was in the children's best interests and that there was sufficient evidence to terminate his parental rights.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[2] Father raised an additional argument on appeal that the children had not been in the Department's continuous custody since June 18, 2010 because the JDR court awarded custody to his parents for a brief time before the circuit court reversed that ruling. Father contends the Department did not wait the requisite twelve months after the children were back in its care before filing the petitions for termination of parental rights. Father did not make this argument to the trial court; therefore, we will not consider it. Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).